UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS L. O'GRADY,<br><br>     Plaintiff,<br><br>    -against-<br><br>BLUECREST CAPITAL MANAGEMENT LLP,<br><br>     Defendant. | Civil Action No.:  15-cv-01108 (SHS) |

**DEFENDANT BLUECREST CAPITAL MANAGEMENT LLP'S REPLY
<u>MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS</u>**

Anthony P. Alden (*pro hac vice*
application forthcoming)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile:  (213) 443-3100
anthonyalden@quinnemanuel.com

Maya D. Cater
Guyon H. Knight
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100
mayacater@quinnemanuel.com
guyonknight@quinnemanuel.com

*Attorneys for Defendant BlueCrest Capital
Management LLP*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................1

I.  THE PLAIN TERMS OF MR. O'GRADY'S EMPLOYMENT AGREEMENT CONTRADICT HIS BREACH OF CONTRACT CLAIM ..................................................1

   A.  Mr. O'Grady's Employment Agreement Expressly States That Bonuses Are Paid At BlueCrest's Sole And Absolute Discretion .........................................2

   B.  Mr. O'Grady's Employment Agreement Expressly States That He Was Not Eligible For A Bonus If His Employment Was Terminated .............................3

   C.  Mr. O'Grady Is Not Entitled To Severance Pay Under The Plain Terms Of The Employment Agreement ...............................................................................5

   D.  Mr. O'Grady's Remaining Arguments Do Not Save His Defective Claim.............7

II. MR. O'GRADY'S IMPLIED CONTRACT AND QUASI-CONTRACT CLAIMS FAIL AS A MATTER OF LAW ..........................................................................................8

III. NEW YORK LABOR LAW § 193 DOES NOT APPLY TO UNPAID BONUS COMPENSATION .......................................................................................................10

CONCLUSION................................................................................................................................10

## **TABLE OF AUTHORITIES**

**Cases**

*Aircraft Servs. Resales LLC v. Oceanic Capital Co.*,
  No. 09-CV-8129, 2013 WL 4400453 (S.D.N.Y. Aug. 14, 2013)................................................ 3

*AIU Ins. Co. v. TIG Ins. Co.*,
  577 F. App'x 24 (2d Cir. 2014) ................................................................................................ 8

*AIU Ins. Co. v. TIG Ins. Co.*,
  934 F. Supp. 2d 594 (S.D.N.Y. 2013) ..................................................................................... 8

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................................................................. 2

*Brennan v. J.P. Morgan Secs., Inc.*,
  7 Misc. 3d 1013(A), 2004 WL 3314910 (N.Y. Sup. Ct. Aug. 31, 2004) ................................. 8

*Burchette v. Abercrombie & Fitch Stores, Inc.*,
  No. 08-CV-8786, 2010 WL 1948322 (S.D.N.Y. May 10, 2010) ............................................. 8

*Butler v. Catinella*,
  868 N.Y.S.2d 101 (2d Dep't 2008).......................................................................................... 9

*Carter v. Katz*,
  465 N.Y.S.2d 991 (N.Y. Sup. Ct. 1983) .................................................................................. 9

*Citibank, N.A. v. Walker*,
  787 N.Y.S.2d 48 (2d Dep't 2004)............................................................................................ 9

*City of Syracuse v. R.A.C. Holding, Inc.*,
  685 N.Y.S.2d 381 (4th Dep't 1999).......................................................................................... 9

*Cortec Indus. Inc. v. Sum Holding L.P.*,
  949 F.2d 42 (2d Cir. 1991) ................................................................................................... 5, 6

*CVC Claims Litig. LLC v. Citicorp Venture Capital Ltd.*,
  No. 03-CV-7936, 2006 WL 1379596 (S.D.N.Y. May 18, 2006) ............................................. 7

*Cyberchron Corp. v. Calldata Sys. Dev., Inc.*,
  47 F.3d 39 (2d Cir. 1995) ...................................................................................................... 10

*Frink Am., Inc. v. Champion Road Mach. Ltd.*,
  48 F. Supp. 2d 198 (N.D.N.Y. 1999)........................................................................................ 8

*Giuntoli v. Garvin Guybutler Corp.*,
  726 F. Supp. 494 (S.D.N.Y. 1989) ........................................................................................... 9

*Guggenheimer v  Bernstein Litowitz Berger & Grossmann LLP*,
   810 N.Y.S.2d 880 (N.Y. Sup. Ct. 2006) ....................................................................... 4

*Homeward Residential, Inc. v. Sand Canyon Corp.*,
   298 F.R.D. 116 (S.D.N.Y. 2014) ................................................................................. 1

*In re Adams' Estate*,
   149 N.Y.S.2d 849 (4th Dep't 1956) ............................................................................. 9

*Int'l Custom Assocs. v. Ford Motor Co.*,
   893 F. Supp. 1257 (S.D.N.Y. 1995) ............................................................................ 9

*Jemzura v. Jemzura*,
   36 N.Y.2d 496 (1975) .................................................................................................. 9

*Johnson v. Stanfield Capital Partners, LLC*,
   891 N.Y.S.2d 383 (1st Dep't 2009) ............................................................................. 4

*Karmilowicz v. Hartford Fin. Servs. Grp.*,
   494 F. App'x 153 (2d Cir. 2012) ......................................................................... 1, 4, 6

*Karmilowicz v. Hartford Fin. Servs. Grp.*,
   No. 11-CV-0539, 2011 WL 2936013 (S.D.N.Y. July 14, 2011) ............................. 1, 2

*Klein v. Torrey Point Group, LLC*,
   979 F. Supp. 2d 417 (S.D.N.Y. 2013) ........................................................................ 3

*Knight Sec. v. Fiduciary Trust Co.*,
   774 N.Y.S.2d 488 (1st Dep't 2004) ............................................................................ 9

*Kolchins v. Evolution Markets, Inc.*,
   No. 653536/12, 2015 NY Slip Op 02863 (1st Dep't Apr. 2, 2015) ........................... 4

*Koss v. Wackenhut Corp.*,
   704 F. Supp. 2d 362 (S.D.N.Y. 2010) ...................................................................... 10

*Land-Site Contr. Corp. v. Marine Midland Bank*,
   576 N.Y.S.2d 255 (1st Dep't 1991) ............................................................................ 9

*McCall v. Chesapeake Energy Corp.*,
   817 F. Supp. 2d 307 (S.D.N.Y. 2011) ........................................................................ 7

*Mirchel v. RMJ Securities Corp.*,
   613 N.Y.S.2d 876 (1st Dep't 1994) ............................................................................ 4

*Misek v. Downstairs Cabaret Theatre, Inc.*,
   906 N.Y.S.2d 439 (Rochester City Ct. 2010) ............................................................. 4

*Moors v. Hall*,
    532 N.Y.S.2d 412 (2d Dep't 1988) ........................................................................................ 9

*Nakamura v. Fuji*,
    677 N.Y.S.2d 113 (1st Dep't 1998) ....................................................................................... 9

*Oppenheimer & Co.* v *Oppenheim, Appel, Dixon & Co.*,
    86 N.Y.2d 685 (1995) ........................................................................................................... 6

*Pearce v. Manhattan Ensemble Theater, Inc.*,
    528 F. Supp. 2d 175 (S.D.N.Y. 2007) ................................................................................. 10

*Pesserillo v. Nat'l Grid*,
    No. 14-CV-3800, 2015 WL 136030 (E.D.N.Y. Jan. 8, 2015) ............................................... 6

*Reilly v. NatWest Mkts. Group*,
    181 F.3d 253 (2d Cir. 1999) ................................................................................................. 4

*Ryan v. Kellogg Partners Institutional Servs.*,
    19 N.Y.3d 1 (2012) ............................................................................................................... 4

*Seiden Assocs., Inc. v. ANC Holdings, Inc.*,
    959 F.2d 425 (2d Cir. 1992) ............................................................................................. 3, 5

*Sharp v. Patterson*,
    No. 03-CV-8772, 2004 WL 2480426 (S.D.N.Y. 2004) ........................................................ 9

*Sira v. Morton*,
    380 F.3d 57 (2d Cir. 2004) ................................................................................................... 5

*Sussman v. Rabobank Int'l*,
    739 F. Supp. 2d 624 (S.D.N.Y. 2010) .................................................................................. 5

*Trott v. Dean Witter & Co.*,
    438 F. Supp. 842 (S.D.N.Y. 1977) ....................................................................................... 9

*Trott v. Dean Witter & Co.*,
    578 F.2d 1370 (2d Cir. 1978) ............................................................................................... 9

*Truelove v. Northeast Capital & Advisory Inc.*,
    702 N.Y.S.2d 147 (3rd Dep't 2000) ...................................................................................... 4

*W.B. David & Co. v. DWA Communications, Inc.*,
    No. 02-CV-8479, 2004 WL 369147 (S.D.N.Y. 2004) .......................................................... 9

*Weiner v. Diebold Group, Inc.*,
    568 N.Y.S.2d 959 (1st Dep't 1991) ...................................................................................... 4

*Zolotar v. N.Y. Life Ins. Co.*,
    576 N.Y.S.2d 850 (1st Dep't 1991) .......................................................................................... 4

**PRELIMINARY STATEMENT**

This case boils down to a simple reading of the express terms of Plaintiff Nicholas O'Grady's written Employment Agreement. In its moving papers, BlueCrest highlighted specific provisions of the Agreement that state, in unambiguous terms, that Mr. O'Grady is *not* entitled to the bonus and severance payments he seeks. Mr. O'Grady does not deny the accuracy or applicability of the Employment Agreement, nor meaningfully assert that its terms are unclear. Instead, he ignores the Employment Agreement's express terms and attempts to inject ambiguities and create questions of fact where none exist. When one looks through the obfuscation, it is clear that the plain terms of the Employment Agreement contradict each of Mr. O'Grady's claims. Accordingly, his Complaint should be dismissed with prejudice.

**ARGUMENT**

**I.   THE PLAIN TERMS OF MR. O'GRADY'S EMPLOYMENT AGREEMENT CONTRADICT HIS BREACH OF CONTRACT CLAIM**

Mr. O'Grady argues repeatedly that the Court must accept the allegations in the Complaint as true. *See, e.g.*, Opp. at 7-9, 18.[1] However, it is well-settled that where a written agreement contradicts a plaintiff's claims, the agreement's "clear language—not the complaint's allegations—prevails." *Karmilowicz v. Hartford Fin. Servs. Grp.*, No. 11-CV-0539, 2011 WL 2936013, at *7 (S.D.N.Y. July 14, 2011), *aff'd*, 494 F. App'x 153 (2d Cir. 2012); *see also Homeward Residential, Inc. v. Sand Canyon Corp.,* 298 F.R.D. 116, 129 (S.D.N.Y. 2014) (dismissal is appropriate "[w]here a contract's language is clear and unambiguous"). Because

---

[1] BlueCrest's opening memorandum and Mr. O'Grady's opposition are referred to as "Mem." and "Opp." respectively.

1

Mr. O'Grady's breach of contract claim is contradicted by the unambiguous terms of his Employment Agreement, it must be dismissed.[2]

### A. Mr. O'Grady's Employment Agreement Expressly States That Bonuses Are Paid At BlueCrest's Sole And Absolute Discretion

The plain terms of the Employment Agreement state that bonus payments are subject to BlueCrest's sole discretion. Compl. Ex. A, § 3.[3] New York courts have repeatedly held that "an employee cannot recover for an employer's failure to pay a bonus under a plan that provides the employer with absolute discretion in deciding whether to pay the bonus." *Karmilowicz,* 2011 WL 2936013, at *7 (S.D.N.Y. July 4, 2011) (internal citations and quotation marks omitted).

Mr. O'Grady argues that BlueCrest "desperately attempts to rewrite the clear language of" the Employment Agreement in stating that "*payment* of any bonuses by BlueCrest is subject to its 'sole and absolute discretion.'" Opp. at 12 (emphasis added). According to Mr. O'Grady, "the Employment Agreement actually states that whether and to what extent [BlueCrest] *shall establish* 'any bonus programs' 'will be subject to [BlueCrest]'s sole and absolute discretion.'" *Id.* (emphasis added). He says that once BlueCrest established a bonus program, payment was "not at the 'sole and absolute' discretion of BlueCrest either under the terms of the Employment Agreement or well-established New York law." *Id.* at 13. This is demonstrably false.

In a remarkable example of selective quotation, Mr. O'Grady omits a key phrase from Section 3 of his Employment Agreement. Section 3 actually states the following:

---

[2] Mr. O'Grady acknowledges that under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), his Complaint must state a claim that is plausible on its face. Nonetheless, he inexplicably goes on to cite pre-*Twombly* decisions for the proposition that a motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Opp. at 15. This dismissal standard is no longer good law. *Twombly*, 550 U.S. at 570 (stating that to survive dismissal, a plaintiff's pleading must "state a claim to relief that is plausible on its face" and dismissing a complaint that was merely "conceivable").

[3] As noted in BlueCrest's opening memorandum, Mr. O'Grady was not employed by BlueCrest Capital Management LLP. Mem. at 1 n. 1.

2

> You will be eligible to participate in any bonus programs the Company may decide to establish from time to time to cover employees similarly situated to you, subject to the provisions of the applicable bonus program. Any bonus program established and ***awards made pursuant thereto*** by the Company ***will be subject to the Company's sole and absolute discretion***. Any bonus payable shall be paid less any applicable state and federal withholding and other lawful deductions. You will not be eligible to be paid any bonus if at any time prior to the date of any payment you have provided the Company with notice of your intent to terminate your employment, or if your employment has been terminated.

Compl. Ex. A, § 3 (emphasis added). Without question, the Employment Agreement vested sole and absolute discretion in BlueCrest not only to establish any bonus programs, but also whether to make any payments under such program. Mr. O'Grady's implausible interpretation cannot create ambiguities in the Employment Agreement where none exist. *See Seiden Assocs., Inc. v. ANC Holdings, Inc.,* 959 F.2d 425, 428 (2d Cir. 1992) ("The language of a contract is not made ambiguous simply because the parties urge different interpretations").[4]

### B. Mr. O'Grady's Employment Agreement Expressly States That He Was Not Eligible For A Bonus If His Employment Was Terminated

The Employment Agreement plainly states that to be eligible for a bonus, Mr. O'Grady must be actively employed *on the date of payment*. Compl. Ex. A, § 3 ("You will not be eligible to be paid any bonus if at any time prior to the date of any payment . . . your employment has been terminated."). It is undisputed that Mr. O'Grady was terminated on or around June 5, 2014, before any bonus he seeks was awarded.

Mr. O'Grady does not deny these facts; nor does he provide any substantive response to the authorities cited by BlueCrest, each of which clearly state that an employee's failure to allege

---

[4] Mr. O'Grady argues that "to the extent this Court is required to favor one reading of the agreement over the other, it must do so in favor of O'Grady" (Opp. at 20) and thus against the drafter of the contract (*contra proferentem*, in the legal Latin). As the cases cited by Mr. O'Grady clearly state, this doctrine does not apply where, as here, the contract is unambiguous. *See* Opp. at 13 (citing *Klein v. Torrey Point Group, LLC*, 979 F. Supp. 2d 417, 431 (S.D.N.Y. 2013) (*contra proferentem* applicable where the employment agreement "was *silent or ambiguous* as to whether the employee could obtain post-termination commissions") (emphasis added) (internal citations and quotation marks omitted) and *Aircraft Servs. Resales LLC v. Oceanic Capital Co.*, No. 09-CV-8129, 2013 WL 4400453, at *4 (S.D.N.Y. Aug. 14, 2013) ("New York law provides that *ambiguities in a contract* must be construed against the drafter") (emphasis added)).

3

active employment precludes recovery of unpaid bonus compensation. *See* Mem. at 11-12, (citing, *inter alia*, *Karmilowicz*, 494 F. App'x. at 157 (affirming dismissal where the compensation plan mandated that "only active employees . . . [with] continued employment through the payout date' are eligible to receive incentive awards.") (alterations in original)).[5]

Instead, Mr. O'Grady argues that his purported bonus was a "wage" and thus not subject to forfeiture. This argument is a red herring, and an incorrect one at any rate. As even Mr. O'Grady's argues, discretionary bonuses are not "wages," and are, in fact, forfeitable: "The dispositive factor in determining whether compensation constitutes wages is . . . whether the compensation is vested and mandatory *as opposed to discretionary and forfeitable*." Opp. at 15, (emphasis added) (citing *Truelove v. Northeast Capital & Advisory Inc.*, 702 N.Y.S.2d 147 (3rd Dep't 2000)).[6] As discussed above, the Employment Agreement expressly states that Mr. O'Grady's bonus was discretionary and forfeited upon termination. *See* Compl. Ex. A, § 3. Thus, according Mr. O'Grady's own reasoning, his argument fails.

Additionally, Section 5.4 of the Employment Agreement—which Mr. O'Grady simply ignores—unambiguously states that if Mr. O'Grady was terminated, he was entitled only to his

---

[5] *See also, e.g.*, *Johnson v. Stanfield Capital Partners, LLC*, 891 N.Y.S.2d 383, 385 (1st Dep't 2009) (enforcing "the clear terms of the employment agreement" requiring employment on the bonus payment date); *Zolotar v. New York Life Ins. Co.*, 576 N.Y.S.2d 850, 853-54 (1st Dep't 1991) (enforcing condition precedent of continued employment against involuntarily terminated employee).

[6] None of the cases Mr. O'Grady cites involve a written employment agreement stating that bonuses were subject to the employer's discretion. *See, e.g.*, *Ryan v. Kellogg Partners Institutional Servs.,* 19 N.Y.3d 1, 16 (2012) (payment was guaranteed and nondiscretionary); *Weiner v. Diebold Group, Inc.*, 568 N.Y.S.2d 959, 961 (1st Dep't 1991) (directed verdict not warranted where there was conflicting testimony whether the bonus was "payable at the discretion of the employer, and thus subject to forfeiture" or instead "earned wages"); *Kolchins v. Evolution Markets, Inc.*, No. 653536/12, 2015 NY Slip Op. 02863 (N.Y. App. Div. 1st Dep't Apr. 2, 2015) (issue was whether the parties' correspondence extended employee's annual employment agreement); *Reilly v. NatWest Mkts. Group*, 181 F.3d 253, 265 (2d Cir. 1999) (finding pay was a "wage" where it was "guaranteed under the Percentage Bonus formula to be a percentage of the revenue he generated, and was not left to [defendant's] discretion"); *Mirchel v. RMJ Securities Corp.*, 613 N.Y.S.2d 876, 878 (1st Dep't 1994) (no written employment agreement); *Misek v. Downstairs Cabaret Theatre, Inc.*, 906 N.Y.S.2d 439, 443 (Rochester City Ct. 2010) (contract guaranteed bonuses); *Guggenheimer v. Bernstein Litowitz Berger & Grossmann LLP*, 810 N.Y.S.2d 880, 885 (N.Y. Sup. Ct. 2006) (bonus was vested and mandatory as opposed to discretionary and forfeitable).

"Base Salary … accrued, but unpaid, through [his] termination date." Compl. Ex. A, § 5.4. This provision alone forecloses Mr. O'Grady's arguments. As this Court held in *Sussman v. Rabobank Int'l*, 739 F. Supp. 2d 624 (S.D.N.Y. 2010) (Stein, J.), in reviewing a written contract, "a trial court's primary objective is to give effect to the intent of the parties as revealed by the language they chose to use." *Id.* at 627 (citing *Seiden Assocs.,* 959 F.2d at 428). By expressly stating that upon termination Mr. O'Grady was entitled to his Base Salary (defined as $250,000 per year), Section 5.4 implicitly excludes all other forms of monetary compensation, including a bonus.[7] Regardless of how Mr. O'Grady attempts to classify his bonus, Section 5.4 states that he is not entitled to it.

### C. Mr. O'Grady Is Not Entitled To Severance Pay Under The Plain Terms Of The Employment Agreement

Mr. O'Grady also fails to show any entitlement to the so-called "severance" he seeks. BlueCrest submitted with its moving papers the June 6, 2014 letter by which it gave Mr. O'Grady notice that he was terminated *for cause* pursuant to Section 5.2 of the Employment Agreement (the "Termination Letter"). *See* Declaration of Maya D. Cater, ("Cater Decl."), Doc. 11, Ex. 4. Tellingly, Mr. O'Grady does not dispute receiving the Termination Letter or challenge its authenticity.[8] Nor does Mr. O'Grady dispute that he is not entitled to any severance pay if he was terminated for cause.

---

[7] Mr. O'Grady does not dispute that he has been paid every cent of the accrued but unpaid portion of his Base Salary through his termination date.

[8] These concessions confirm that this Court may properly consider the Termination Letter in deciding BlueCrest's Motion to Dismiss. *See Cortec Indus. Inc. v. Sum Holding L.P*., 949 F.2d 42, 48 (2d Cir. 1991) (a court may consider documents attached to a 12(b)(6) motion where, as here, they are "documents plaintiffs had either in [their] possession or had knowledge of and upon which they relied in bringing suit" because "there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim"); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.") (internal citations omitted).

Instead, Mr. O'Grady ignores the Termination Letter altogether and urges the Court to accept as true the demonstrably false allegation that he was fired *without* cause. However, the Court need not accept as true allegations that Mr. O'Grady (and his lawyers) know to be untrue, particularly where, as here, the reasons for Mr. O'Grady's termination are integral to his claim for severance pay. *See Karmilowicz*, 494 F. App'x. at 156 ("Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim—and that they apparently most wanted to avoid—may not serve as a means of forestalling the district court's decision on the motion [to dismiss].") (quoting *Cortec Indus.*, 949 F.2d at 44) (internal quotation marks omitted); *see also Pesserillo v. Nat'l Grid*, No. 14-CV-3800, 2015 WL 136030, at *3 (E.D.N.Y. Jan. 8, 2015) ("Given Plaintiff's knowledge of the Agreement and his deliberate decision to omit any reference to it from his Complaint, the Court deems the Agreement incorporated into the Complaint by reference, particularly since it is 'integral to [plaintiff's] ability to pursue' his cause of action.") (alteration in original).

Even assuming Mr. O'Grady was terminated without cause—which he was not—his breach of contract claim still fails because he does not allege (nor can he) that he signed a release, which is a condition precedent to receiving severance under Section 5.4 of the Employment Agreement. *See* Compl. Ex. A § 5.4*; see also Oppenheimer & Co.* v *Oppenheim, Appel, Dixon & Co.*, 86 N.Y.2d 685, 690 (1995) ("A condition precedent is an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises.") (internal citations and quotation marks omitted).

Again, Mr. O'Grady does not deny that executing a release is a condition precedent to any entitlement to severance, or that he failed to execute one. Instead, Mr. O'Grady relies on cases outside of the employment context to argue that the "prevention doctrine" excused this

6

condition because BlueCrest somehow "stymied" his ability to sign a release. But not one fact alleged in the Complaint even refers to a release, much less that BlueCrest "stymied" Mr. O'Grady's ability to sign one. At bottom, Mr. O'Grady cannot rely on the doctrine of prevention to rewrite the Employment Agreement's express conditions in an attempt to cure his defective pleading. *See CVC Claims Litig. LLC v. Citicorp Venture Capital Ltd.*, No. 03-CV-7936, 2006 WL 1379596, at *4 n. 4 (S.D.N.Y. May 18, 2006) ("The doctrine of prevention . . . does not cure [the plaintiff's] pleading defect."); *McCall v. Chesapeake Energy Corp.*, 817 F. Supp. 2d 307, 322 (S.D.N.Y. 2011) (stating that a plaintiff "may not use [its] opposition to the motion to dismiss to amend [its] Complaint").

### D.     Mr. O'Grady's Remaining Arguments Do Not Save His Defective Claim

Faced with an unambiguous written agreement that defeats his breach of contract claim as a matter of law, Mr. O'Grady creatively attempts to incorporate new terms from outside it. Mr. O'Grady asserts (for the first time) that his Employment Agreement was "modified" to incorporate the Equities Compensation Model through the parties' purported "course of conduct." Mr. O'Grady's argument fails for numerous reasons.

*First*, the Employment Agreement expressly states that it "may be amended or modified only by a written instrument signed by both Parties." Compl. Ex. A at § 22. Mr. O'Grady fails to allege any such signed written instrument, nor can he.

*Second*, the Employment Agreement contains an integration and no-reliance clause. Compl. Ex. A at § 21 ("This Agreement sets forth the sole and entire understanding between you and the Company with respect to the subject of your employment and supersedes all prior or contemporaneous understandings, agreements or negotiations on that subject. . . .").

*Third*, the Equities Compensation Model itself states that "[t]he rights of all employees . . . will remain at all times strictly subject to review and approval in accordance with the terms of

the applicable employment agreement . . . which has neither been varied nor modified by anything set out herein." Compl. Ex. B; *see also* Cater Decl. at Ex. 2. There cannot possibly have been the "meeting of the minds" required to modify the Employment Agreement (Opp. at 10) when even the Equities Compensation Model states the contrary.

*Finally,* a "valid modification of a contract must satisfy all the criteria essential for a valid original contract, including offer, acceptance, and consideration." *AIU Ins. Co. v. TIG Ins. Co.,* 934 F. Supp. 2d 594, 602 (S.D.N.Y. 2013) (Stein, J.) (internal quotation marks omitted), *aff'd,* 577 F. App'x 24 (2d Cir. 2014). Mr. O'Grady fails to allege any "course of conduct" to satisfy even one of these elements. To the extent BlueCrest made one bonus payment to Mr. O'Grady during the term of his employment, such payment was consistent with the terms of the Employment Agreement. At any rate, this purported "course of conduct" would "not vitiate the employer's right to retain full discretion in determining the amount, if any, of an employee's bonus." *Brennan v. J.P. Morgan Secs., Inc.*, 7 Misc. 3d 1013(A), 2004 WL 3314910, at *3 (N.Y. Sup. Ct. Aug. 31, 2004).

## II.   MR. O'GRADY'S IMPLIED CONTRACT AND QUASI-CONTRACT CLAIMS FAIL AS A MATTER OF LAW

Mr. O'Grady fails to meaningfully respond to any of BlueCrest's arguments as to why his quasi-contract claims should be dismissed.[9] He merely cites to over four pages of inapposite or contradictory case law without any application to the facts of this case.

<u>Breach of an Implied Contract</u>. None of the cases cited by Mr. O'Grady involved a relationship already governed by an express contract. *See, e.g*., *Land-Site Contr. Corp. v.*

---

[9] Mr. O'Grady fails to respond *at all* with respect to his claims for an accounting, breach of good faith and fair dealing, and his request for attorney's fees. These claims and request for relief have thus been abandoned. *See Burchette v. Abercrombie & Fitch Stores, Inc.,* No. 08-CV-8786, 2010 WL 1948322, at *12 (S.D.N.Y. May 10, 2010) ("Plaintiff does not address these claims in its opposition papers, leading the Court to conclude that it has abandoned them.") (quoting *Frink Am., Inc. v. Champion Road Mach. Ltd.,* 48 F. Supp. 2d 198, 209 (N.D.N.Y. 1999)).

*Marine Midland Bank*, 576 N.Y.S.2d 255, 257 (1st Dep't 1991) (conduct between defendant and third party created a contract); *Giuntoli v. Garvin Guybutler Corp.*, 726 F. Supp. 494, 508 (S.D.N.Y. 1989) (no written employment agreement at issue); *Jemzura v. Jemzura*, 36 N.Y.2d 496, 503-504 (1975) (tenancy created implied contract); *Sharp v. Patterson*, No. 03-CV-8772, 2004 WL 2480426, at *8 (S.D.N.Y. Nov. 3, 2004) (no written contract at issue); *Carter v. Katz, Shandell, Katz & Erasmous*, 465 N.Y.S.2d 991, 996 (N.Y. Sup. Ct. 1983) (same); *W.B. David & Co. v. DWA Communications, Inc.*, No. 02-CV-8479, 2004 WL 369147, at *2 (S.D.N.Y. Feb. 26, 2004) (same).

Unjust Enrichment.  Mr. O'Grady merely states that he has stated a claim for unjust enrichment because he performed work on behalf of BlueCrest "in return for compensation." Opp. at 24.  He cites several cases to support his claim, each of which either contradict his position, *see, e.g.*, *City of Syracuse v. R.A.C. Holding, Inc.*, 685 N.Y.S.2d 381, 382 (4th Dep't 1999) (ordering dismissal as the plaintiff had no right to the compensation sought), or are simply inapposite, *see, e.g.*, *Nakamura v. Fuji*, 677 N.Y.S.2d 113, 116 (1st Dep't 1998) (bona fide dispute existed as to the existence of the contract).[10]

Promissory Estoppel.  Mr. O'Grady asks the Court to sustain his claim for promissory estoppel "arising out of his reliance on clear and unambiguous promises." Opp. at 26.  He cites three cases to support his claim, one of which contradicts his position, *see Knight Sec. v. Fiduciary Trust Co.*, 774 N.Y.S.2d 488, 490 (1st Dep't 2004) (promissory estoppel properly dismissed because reliance on promise to purchase shares was unreasonable), while the other two

---

[10]  *See also Citibank, N.A. v. Walker*, 787 N.Y.S.2d 48, 49 (2d Dep't 2004) (dismissing unjust enrichment claim) *abrogated on other grounds by Butler v. Catinella*, 868 N.Y.S.2d 101 (2d Dep't 2008); *Int'l Custom Assocs. v. Ford Motor Co.*, 893 F. Supp. 1257 (S.D.N.Y. 1995) (same); *Trott v. Dean Witter & Co.*, 438 F. Supp. 842, 844 (S.D.N.Y. 1977) (denying recovery in *quantum meruit*) *aff'd*, 578 F.2d 1370 (2d Cir. 1978); *In re Adams' Estate*, 149 N.Y.S.2d 849, 852 (4th Dep't 1956) (same), *aff'd.* 159 N.Y.S.2d 698 (1957); *Moors v. Hall*, 532 N.Y.S.2d 412, 413-14 (2d Dep't 1988) (no written contract at issue).

are inapposite, *see Cyberchron Corp. v. Calldata Sys. Dev., Inc.*, 47 F.3d 39, 42 (2d Cir. 1995) (stating that an "agreement by the parties was never achieved"); *Pearce v. Manhattan Ensemble Theater, Inc.*, 528 F. Supp. 2d 175, 179 (S.D.N.Y. 2007) (no written contract at issue).

### III. NEW YORK LABOR LAW § 193 DOES NOT APPLY TO UNPAID BONUS COMPENSATION

As discussed above, Mr. O'Grady fails to allege that he is entitled to the payments he seeks, and thus his claims under New York's Labor Law must also fail. Mr. O'Grady's sole argument in response is that his bonus was "integral components [sic] of compensation tied to his own production." Opp. at 21. However, even if this were true—and it is not—the importance of the bonus and whether it was tied to the employee's production are not the dispositive factors. As Mr. O'Grady himself concedes—and as the cases he relies upon make clear—New York Labor Law does not apply to discretionary, unearned bonus compensation. *See Koss v. Wackenhut Corp.,* 704 F. Supp. 2d 362, 369 (S.D.N.Y. 2010) ("A bonus is 'earned' when the employee acquires a vested interest in the award and its payment is not conditioned upon some occurrence or left to the discretion of the employer.") (internal quotation marks omitted). For the reasons set forth above and in BlueCrest's opening memorandum, Mr. O'Grady fails to state a claim under New York's Labor Law.

### CONCLUSION

For foregoing reasons and those set forth in BlueCrest's opening memorandum, Mr. O'Grady's Complaint should be dismissed in its entirety and with prejudice.

Dated: May 27, 2015         By:    */s/ Maya D. Cater*
New York, New York                 Anthony P. Alden (*pro hac vice* application forthcoming)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
anthonyalden@quinnemanuel.com

Maya D. Cater
Guyon H. Knight
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
mayacater@quinnemanuel.com
guyonknight@quinnemanuel.com

*Attorneys for Defendant BlueCrest Capital Management LLP*