# MANDATE

15-2240-cv
O'Grady v. BlueCrest Capital Management LLP

N.Y.S.D. Case #
15-cv-1108(SHS)

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand sixteen.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
           CHRISTOPHER F. DRONEY,
                *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 06, 2016

-----------------------------------------------------------------------

NICHOLAS L. O'GRADY,
            *Plaintiff-Appellant*,

            v.                                          No. 15-2240-cv

BLUECREST CAPITAL MANAGEMENT LLP,
            *Defendant-Appellee*,

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:     ERIC R. STERN, Sack & Sack, LLP, New York, New York.

APPEARING FOR APPELLEE:      ANTHONY P. ALDEN (Maya D. Cater, Quinn Emanuel Urquhart & Sullivan, LLP, New York, New York, *on the brief*), Quinn Emanuel Urquhart & Sullivan, LLP, Los Angeles, California.

1

**MANDATE ISSUED ON 05/06/2016**

Appeal from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 17, 2015, is AFFIRMED.

In this diversity action, plaintiff Nicholas L. O'Grady sued his former employer BlueCrest Capital Management LLP ("BlueCrest") for failing, upon his termination, to make bonus and severance payments pursuant to his written employment agreement (the "Agreement"). O'Grady now appeals from the dismissal of his complaint for failure adequately to plead breach of contract and violation of New York labor law.[1] We review de novo the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff," Orlander v. Staples, Inc., 802 F.3d 289, 294 n.4 (2d Cir. 2015), in determining whether he states a claim for relief that is "plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[2] In doing so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm substantially for the reasons stated by

---

[1] Because O'Grady does not challenge the dismissal of his claims for breach of implied contract, quantum meruit, promissory estoppel, breach of the duty of good faith and fair dealing, and an accounting, we deem them abandoned. See Jackler v. Byrne, 658 F.3d 225, 233 (2d Cir. 2011).

[2] The Twombly/Iqbal pleading standard supplanted the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957), on which O'Grady appears to rely in his brief.

the district court in its thorough and well-reasoned opinion and order. See O'Grady v. BlueCrest Capital Mgmt. LLP, 111 F. Supp. 3d 494 (S.D.N.Y. 2015).

Paragraph 3 of the Agreement unambiguously states that "[a]ny bonus program established and awards made pursuant thereto by the Company will be subject to the Company's sole and absolute discretion." J.A. 30 (emphasis added). This language precludes O'Grady from claiming that nonpayment of bonus was a breach of contract. See Namad v. Salomon Inc., 74 N.Y.2d 751, 753, 545 N.Y.S.2d 79, 80 (1989) (upholding dismissal of challenge to amount of bonus where contract unambiguously left matter to discretion of management); Kaplan v. Capital Co. of Am. LLC, 298 A.D.2d 110, 111, 747 N.Y.S.2d 504, 505–06 (1st Dep't 2002) (holding that plaintiff had no claim to bonus compensation because company policy clearly stated that "bonuses were to be paid solely at the company's discretion"); see also Bessemer Tr. Co., N.A. v. Branin, 618 F.3d 76, 92 (2d Cir. 2010). Insofar as O'Grady agreed further that he "will not be eligible to be paid any bonus if at any time prior to the date of any payment . . . [his] employment has been terminated," J.A. 30, his June 4, 2014 termination independently precludes his bonus claim. See Truelove v. Ne. Capital & Advisory, Inc., 95 N.Y.2d 220, 225, 715 N.Y.S.2d 366, 369 (2000) (holding plaintiff not entitled to receive remaining quarterly awards where agreement "explicitly predicated the continuation of bonus payments upon the recipient's continued employment status" and plaintiff resigned after receiving first payment); see also Karmilowicz v. Hartford Fin. Servs. Grp., Inc., 494 F. App'x 153, 157 (2d Cir. 2012).

3

The failure of O'Grady's contract claim also necessarily defeats his wage claim under New York Labor Law § 193.  See Tierney v. Capricorn Inv'rs, L.P., 189 A.D.2d 629, 632, 592 N.Y.S.2d 700, 703 (1st Dep't 1993) (holding that plaintiff "cannot assert a statutory claim for wages under the Labor Law if he has no enforceable contractual right to those wages" (quoted in Karmilowicz v. Hartford Fin. Servs. Grp., Inc., 494 F. App'x at 158)); compare Truelove v. Ne. Capital & Advisory, Inc., 95 N.Y.2d at 224, 715 N.Y.S.2d at 368 (holding that discretionary bonus subject to non-reviewable determination of employer "take[s] plaintiff's bonus payments out of the statutory definition of wages"), with Ryan v. Kellogg Partners Institutional Servs., 19 N.Y.3d 1, 16, 945 N.Y.S.2d 593, 602 (2012) (holding that "guaranteed and non-discretionary" bonus, though linked to performance, amounted to "wages" under § 193).

In urging otherwise, O'Grady contends that paragraph 3 of the Agreement is properly construed to afford BlueCrest discretion only to establish a bonus program, not to make awards thereunder.   The argument is defeated by the paragraph's express statement that "[a]ny bonus program established and awards made pursuant thereto by the Company will be subject to the Company's sole and absolute discretion."   J.A. 30 (emphasis added). See Namad v. Salomon Inc., 74 N.Y.2d at 753, 545 N.Y.S.2d at 80 (rejecting interpretation that "would render the [] sentence vesting defendants with complete discretion a nullity"); see also Orlander v. Staples, Inc., 802 F.3d at 295 ("[A] contract should be construed so as to give full meaning and effect to all of its provisions." (internal quotation marks omitted)); In re AMR Corp., 730 F.3d 88, 99 (2d Cir. 2013) ("Under New York law, a specific

provision governs the circumstance to which it is directed, even in the face of a more general provision." (alteration and internal quotation marks omitted)).  Thus, even if O'Grady were <u>eligible</u> to participate in a bonus program under the Agreement, he was not <u>entitled</u> to receive a bonus.

Because the Agreement is unambiguous as to bonuses and represents the "sole and entire understanding" between the parties, J.A. 37, O'Grady cannot rely on the "Equities Compensation Model-Illustrative Guidelines" as evidence that BlueCrest agreed to an 18% commission payment—even assuming the truth of his allegations.   See <u>W.W.W. Assocs., Inc. v. Giancontieri</u>, 77 N.Y.2d 157, 163, 565 N.Y.S.2d 440, 443 (1990) ("It is well settled that extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face." (internal quotation marks omitted)); <u>Marine Midland Bank-S. v. Thurlow</u>, 53 N.Y.2d 381, 387, 442 N.Y.S.2d 417, 419 (1981) (explaining that parol evidence rule "operates to exclude evidence of all prior or contemporaneous negotiations between the parties offered to contradict or modify the terms of their writing").[3]  O'Grady's claim that the parties ratified such an agreement through a "course of conduct" consisting of payment of his 2013 performance bonus, or a January 17, 2014 email referencing payment "guarantees," J.A. 112, fails for the same reason.   See <u>Lockheed Martin Corp. v. Retail Holdings, N.V.</u>,

---

[3] Regardless, the Guidelines do not provide the support O'Grady suggests.  See J.A. 98 ("No reliance should be placed on any information or representation contained within this document, which is by way of example only and no liability of any type will be incurred with regard to such information or representation . . . .").

639 F.3d 63, 71 (2d Cir. 2011) ("Because the contract is unambiguous, it was error for the district court to consider extrinsic evidence of the parties' post-contract conduct."); see also, e.g., Brennan v. J.P. Morgan Secs., Inc., 801 N.Y.S.2d 230, 2004 WL 3314910, at *3 (N.Y. Sup. Ct. 2004) (unpublished table decision) ("[T]he fact that an employee receives bonuses throughout an employment relationship does not vitiate the employer's right to retain full discretion in determining the amount, if any, of an employee's bonus.").

Nor has O'Grady plausibly alleged that he executed "a valid and irrevocable release agreement in a form acceptable to the Company," J.A. 31, a condition precedent to BlueCrest's severance obligation under the Agreement. See Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co., 86 N.Y.2d 685, 690, 636 N.Y.S.2d 734, 737 (1995) (stating that condition precedent must occur "before a duty to perform a promise in the agreement arises" (internal quotation marks omitted)). While O'Grady contends that his performance was excused because BlueCrest "stymied" his effort to do so, he made no such allegation in his complaint, see Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998) (holding that this failure results in waiver), nor does he challenge on appeal the district court's determination that further amendment would be futile, see O'Grady v. BlueCrest Capital Mgmt. LLP, 111 F. Supp. 3d at 503–04 ("'Where a promisor has no duty to bring about the condition precedent to his promise,' the 'promisor's frustration of the occurrence of the condition,' by passive conduct, does not occasion a waiver of the

6

condition." (quoting <u>In re Bankers Tr. Co.</u>, 450 F.3d 121, 128 & n.4 (2d Cir. 2006))).[4]

Thus, his severance-based claims fail on the merits.

\* \* \* \*

We have considered O'Grady's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[4] O'Grady argues for the first time in his reply brief that he is excused from pleading satisfaction of the condition precedent because BlueCrest disputes that he was terminated without cause. We generally will not entertain an argument first raised in a reply brief. <u>See Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.</u>, 804 F.3d 178, 192 (2d Cir. 2015). In any event, BlueCrest's dispute of these facts is irrelevant because we assume the truth of O'Grady's non-conclusory allegations, <u>see Orlander v. Staples, Inc.</u>, 802 F.3d at 294 n.4, and nevertheless conclude that 12(b)(6) dismissal was warranted.